| | |
|---|---|
| 1 | WILDE & ASSOCIATES     Electronically Filed on _____ |
| 2 | Gregory L. Wilde, Esq.<br>Nevada Bar No. 004417 |
| 3 | 212 South Jones Boulevard<br>Las Vegas, Nevada 89107 |
| 4 | Telephone: 702 258-8200<br>bk@wildelaw.com |
| 5 | Fax: 702 258-8787 |
| 6 | Attorneys for BAC Home Loans Servicing, L.P.<br>fka Countrywide Home Loans Servicing L.P. |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In Re:

GERARDO SANCHEZ,

Debtors.

BK-S-09-25127-LBR

Date: February 18, 2010
Time: 2:30 p.m.

Chapter 13

### LIMITED OPPOSITION TO MOTION TO VALUE DEBTOR'S PRINCIPAL RESIDENCE AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, TO MODIFY THE RIGHTS OF LIENHOLDER(S) AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IN ANY

COMES NOW, BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing L.P. (Hereinafter "Secured Creditor") and files this Limited Opposition stating as follows:

Undersigned counsel apologizes to the Court and Debtor's counsel for filing this late opposition but he only recently received the file and reviewed the same. In addition, it was unclear to Secured Creditor what exactly the Debtor was seeking from the Court.

Secured Creditor is the **first deed of trust** holder on 2202 E. Mesquite Avenue, Las Vegas, Nevada 89101. (hereinafter "subject property").

There is no dispute that the subject property is Debtor's residence as asserted in his motion and that the Secured Creditor is owed much more than the alleged $72,000.00 value.

1. The motion clearly seeks to abrogate the **second deed of trust** from the subject property and discusses the same throughout the pleading. This Secured Creditor does not have an objection to this request. However, in paragraph 3 of the prayer, Debtor asks that this Court "bifurcate" the debt owed Secured Creditor without giving any reasoning or justification in the pleading.

2. Such modification request clearly violates 11 USC 1322(b)(2) and relevant case law prohibiting any modification to a first deed of trust holder on a personal residence.

3. If the Court is remotely considering such a modification, it should continue this hearing and allow Secured Creditor to obtain a legitimate appraisal of this property prior to ruling in Debtor's favor. The attached proof of value does not meet the necessary evidentiary standard.

WHEREFORE, Secured Creditor asks that this Court deny the requested relief as it pertains to this Secured Creditor.

DATED this 17th day of February, 2010

WILDE & ASSOCIATES

By /s/ Gregory Wilde
GREGORY L. WILDE, ESQ.
Attorneys for Secured Creditor
212 South Jones Boulevard
Las Vegas, Nevada 89107

Certificate of Facsimile

I certify that on February 17 2010, I served a copy of the foregoing opposition on Debtors' Counsel by facsimile as follows:

Bennair R. Bateman, Esq.
Eric Palacios & Associates, LTD.
Fax No. (702) 639-9888

_____
An employee of Wilde & Associates